UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID NELSON,

        Plaintiff,

v.

SHELBY TOWNSHIP (POLICE
DEPARTMENT), and ROBERT J.
SHELIDE, in his individual and
official capacity,

        Defendants.

Case No.

Hon.
U.S. District Judge

Hon.
U.S. Magistrate Judge

PITT MCGEHEE PALMER
BONANNI & RIVERS
Cary S. McGehee (P42318)
Juliet A. Happy (P88296)
Attorneys for Plaintiff
117 W. 4th Street, Ste. 200
Royal Oak, MI 48067
(248) 398-9800
cmcgehee@pittlawpc.com
jhappy@pittlawpc.com

## **COMPLAINT AND JURY DEMAND**

Plaintiff, David Nelson, ("NELSON") by and through his attorneys, Pitt McGehee Palmer Bonnani & Rivers, P.C., files this Complaint against Defendants, Shelby Township (Police Department) ("SHELBY"), a municipal corporation of the state of Michigan, and Police Chief Robert J. Shelide ("SHELIDE") and states as follows:

**JURISDICTION, VENUE, AND PARTIES**

1.      This wrongful discharge case is based on retaliation for reporting and opposing acts of sex discrimination and harassment and for complaining of retaliation for reporting and opposing acts of sex discrimination, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Elliot-Larsen Civil Rights Act ("ELCRA").

2.      This Court has subject matter jurisdiction over NELSON's federal claims pursuant to 28 USC § 1331 to enforce the provisions of Title VII of the Civil Rights Act of 1964, 42 USC § 2000e et seq.

3.      This Court has supplemental jurisdiction over NELSON'S state law claims under ELCRA because they arise from the same facts and form part of the same controversy. 28 USC §1367.

4.      On December 11, 2025, NELSON filed a Charge of Retaliation with the Equal Employment Opportunity Commission arising out of his termination from employment by Defendants.

5.      On January 26, 2026, the EEOC issued a Right to Sue letter for NELSON's  claims under Title VII of the Civil Rights Act.

6.      Plaintiff has timely filed his claims for violations under Title VII.

7.      At all times relevant to this action, NELSON was a resident of Maccomb County, and thus a resident of the Eastern District of Michigan.

8. At all times relevant to this action, Defendant SHELBY was and is a municipal corporation in the state of Michigan with its principal place of business in Macomb County within the Eastern District of Michigan.

9. At all times relevant to this action, Defendant SHELIDE was and is a resident of Macomb County, Michigan and thus a resident of the Eastern District of Michigan.

10. Venue is proper in the Eastern District of Michigan because SHELBY and SHELIDE are residents of this district and because the events giving rise to this cause of action occurred in this district and division. 28 U.S.C. §1391(b).

## STATEMENT OF FACTS

11. Defendant SHELBY, is a municipal corporation, located in Macomb County, Michigan.

12. Defendant SHELIDE is the Chief of Police for SHELBY's police department.

13. Plaintiff NELSON was a Police Officer for SHELBY's Police Department.

14. NELSON, who is currently 57 years old, is a 29-year law enforcement veteran with over 20 years of training, specifically in Cadet and Field Training programs.

15. Prior to NELSON's employment with SHELBY, he was employed

3

with the Detroit Police Department (DPD) for almost 19 years. NELSON retired from the DPD.

16. On July 16, 2016, NELSON was hired by SHELBY as a Patrol and Field Training Officer.

17. During his almost 10-year career with SHELBY, NELSON also worked as an Evidence Technician, Firearms Trainer, Armor Trainer, Field Training Officer, and Use of Force Instructor.

18. The Police Department employees approximately 80 sworn officers, six of whom are women.

19. There is only one women command officer, and she is a Patrol Sergeant.

20. SHELIDE has a history of making sexist and racially charged inappropriate comments.

21. In June of 2020, SHELBY's trustees suspended SHELIDE for 30 days and ordered him to undergo cultural awareness and de-escalation training for inflammatory comments he made online about Black Lives Matter protesters.

22. On March 31, 2025, SHELIDE called a Patrol Advisory Board meeting made of 10 patrol officers who he hand selected, all of whom were male.

23. During the meeting, SHELIDE awarded NELSON the "Chief's Coin" in recognition for excellent service as a patrol and field training officer.

24. During this Patrol Advisory Board meeting, which was also attended

4

by Deputy Chief Jason Schmittler, SHELIDE made derogatory statements about hiring female police officers, including stating:

a. "We need some shit kickers around here to counter the chicks" (referring to female police officers);

b. …"You should know my politics, I would have 80 dudes in here if I could but when I don't have any dudes coming in and I have chicks coming in, who are qualified, what am I going to do"

25. NELSON audio taped the Patrol Advisory Board Meeting, including the sexist comments made by SHELIDE.

26. On April 3, 2025, Patrol Officer Nicole Gamarra (female) informed NELSON that the female police officers in the department had been subjected to a sexually hostile work environment by SHELIDE and that they intended to file a complaint of sex discrimination and harassment against him with SHELBY's Human Resources Department.

27. In response to being told that the female police officers intended on filing a sex discrimination/harassment complaint against SHELIDE, NELSON reported to Officer Gamarra that SHELIDE had made sexist comments during the Patrol Advisory Board meeting and that he had an audio recording of the comments.

28. On May 23, 2025, the SHELBY female police officers filed a formal complaint with the SHELBY Human Resource Department complaining that

SHELIDE was making degrading, belittling, and hurtful comments about women in law enforcement, not properly recognizing their accomplishments, undermining their ability to supervise and lead their male subordinates, and creating a sexually hostile work environment for them that contributed to a culture of inequality.

29. On July 17, 2025, NELSON was interviewed by SHELBY human resource representative Daniel McCoy and SHELBY attorney, Joseph Urban, as part of SHELBY's investigation into the sex discrimination and hostile work environment complaint filed against SHELIDE by the female police officers.

30. During this investigative interview, NELSON told McCoy and Urban that he had an audio recording of SHELIDE making sexist comments during the Patrol Advisory Board meeting, that he opposed these sexist comments, and he further reported that SHELIDE engaged in sex discrimination/harassment.

31. SHELIDE was told that NELSON had recorded his sexist comments, that he opposed them, and that he reported that SHELIDE engaged in sex discrimination/harassment.

32. SHELBY's internal investigation into the female police officers sex discrimination/harassment complaint against SHELIDE substantiated that he had made sexist comments.

33. On July 25, 2025, SHELIDE commenced an Internal Affairs investigation into NELSON.

6

34. The Internal Affairs investigation (CCN 25-21) was initiated by SHELIDE in retaliation for NELSON's opposition to SHELIDE's acts of sex discrimination/harassment, and because NELSON reported that SHELIDE had engaged in sex discrimination/harassment, and as a means to set NELSON up for termination.

35. On July 28, 2025, NELSON had a discussion at work with another officer who told NELSON that SHELIDE called NELSON a "rat."

36. SHELIDE called NELSON a "rat" because NELSON reported SHELIDE's acts of sex discrimination/harassment and opposed them and because he had provided proof to SHELBY through an audio recording of the chief that he had engaged in this unlawful sexist behavior.

37. On August 22, 2025, SHELBY completed its investigation (CCN 25-21) into NELSON.

38. On September 9, 2025, NELSON was ordered by SHELIDE to attend a Loudermill hearing on September 16, 2025, as part of a pre- disciplinary process.

39. On September 16, 2025, NELSON attended the Loudermill hearing along with SHELIDE, Deputy Chief Schmittler and union representative, Police Association of Michigan (POAM) Manager, James Tignanelli.

40. NELSON was given disciplinary paperwork regarding the Loudermill hearing just an hour before the meeting leaving him inadequate time to prepare for

7

the hearing.

41.     During the Loudermill hearing, SHELIDE was extremely hostile and argumentative, repeatedly yelling at NELSON, and refusing to provide NELSON with an opportunity to respond to and ask questions.

42.     During the Loudermill hearing, SHELIDE told NELSON that he was "probably recording this meeting" too (in reference to the audio recording that NELSON had made of the Chief making sexist remarks about the female police officers during the Patrol Advisory Board meeting).

43.     NELSON was intimidated and fearful of SHELIDE during the Loudermill hearing and unable to fairly respond to the charges against him.

44.     On September 18, 2025, NELSON was placed on suspension with pay pending further investigation.

45.     On September 23, 2025, NELSON met with SHELBY attorney, Urban, and SHELBY Human Resources Director, Lisa Suida, and made a formal complaint that SHELIDE was retaliating against him for his opposition to SHELIDE's acts of sex discrimination/harassment, and for reporting that SHELIDE had engaged in sex discrimination/harassment.

46.     On October 8, 2025, Defendants terminated NELSON's employment with the police department.

47.     NELSON's Separation Notice from SHELBY lists his separation as

"Termination" and under "Circumstances of Separation", and provides no explanation for his termination.

48. Defendants terminated NELSON's employment with SHELBY in retaliation for his opposition to SHELIDE's acts of sex discrimination/harassment, for reporting sex discrimination/harassment, and in retaliation for his complaint of retaliation for opposing sex discrimination/harassment and for reporting the same.

49. Any reason stated by Defendants for terminating NELSON's employment is merely a pretext for retaliation and has no basis in fact, was not the motivating factor, or is insufficient to justify his termination.

50. At the time of his termination, NELSON was earning $41.72 an hour, along with overtime pay, and valuable benefits of employment, including healthcare and retirement benefits.

51. As a result of SHELBY's retaliatory termination of NELSON, he has suffered and continues to suffer losses, including but not limited to: loss of professional reputation, loss of career opportunities, loss of wages and other valuable compensation and benefits, and emotional distress, pain, and suffering.

**COUNT I**
**RETALIATION FOR OPPOSING AND REPORTING SEX DISCRIMINATION AND HARASSMENT UNDER TITLE VII**
**42 USC § 2000e-3(a)**
*(against Defendant SHELBY)*

52. NELSON incorporates all the above allegations by reference here.

53. At all times relevant hereto, Defendant SHELBY was an employer under Title VII of the Civil Rights Act of 1964, and Defendant SHELIDE was an agent of Defendant SHELBY and as such, was also an employer under the Act.

54. Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating against employees because of their sex and prohibits sexual harassment in the workplace. 42 USCS § 2000e-2; *Meritor Sav. Bank v. Vinson*, 477 U.S. 57, 64-67 (1986).

55. Title VII prohibits retaliation by employers against employees who have opposed any practice made unlawful by the Act and/or reported a violation of the act. 42 USC 2000e-3(a).

56. Opposing conduct can include complaining to anyone (management, unions, other employees) about allegedly unlawful practices under Title VII. *Johnson v. University of Cincinnati*, 215 F. 3d 561, 579 (6th Cir. 2000).

57. Opposing conduct can also include answering an employer's questions and reporting discrimination in an internal investigation conducted pursuant to the filing on an internal complaint. *Crawford v. Metro. Gov't Nashville & Davidson Cty.*, 555 U.S. 271 (2009).

58. NELSON engaged in protected activity during his interview with SHELBY human resources as part of its investigation into SHELIDE when he advocated for female colleagues by reporting and expressing opposition to

SHELIDE's sexist comments made during the Patrol Advisory Board and by reporting and expressing his opposition to SHELIDE engaging in sex discrimination/harassment in the workplace.

59. Defendants were on notice of NELSON'S protected activity because NELSON's reports and opposition were made part of SHELBY's internal investigation into complaints made against SHELIDE.

60. Defendants took adverse action against NELSON by terminating him in retaliation for his protected activity in violation of Title VII.

**COUNT II**
**RETALIATION FOR COMPLAINING OF RETALIATION FOR REPORTING AND OPPOSING SEX DISCRIMINATION AND HARASSMENT UNDER TITLE VII 42 USC § 2000e-3(a)**
***(against Defendant SHELBY)***

61. NELSON incorporates all the above allegations by reference here.

62. At all times relevant hereto, Defendant SHELBY was an employer under Title VII of the Civil Rights Act of 1964, and Defendant SHELIDE was an agent of Defendant SHELBY and as such, was also an employer under the Act.

63. Title VII prohibits an employer from retaliating against an employee who has made a complaint of retaliation for opposing any practice made unlawful by the Act. 42 USC § 2000e-3(a).

64. NELSON engaged in protected activity when he made a formal complaint to SHELBY attorney Urban and SHELBY Human Resources Director,

Lisa Suida that SHELIDE was retaliating against him for his opposition to SHELIDE's acts of sex discrimination/harassment and for reporting these acts as part of SHELBY's investigation into SHELIDE.

65. Defendants were aware that NELSON engaged in this protected activity. Defendants terminated NELSON because of his protected activity in violation of Title VII.

## COUNT III
### RETALIATION FOR REPORTING AND OPPOSING SEX DISCRIMINATION AND HARASSMENT UNDER THE ELLIOT-LARSEN CIVIL RIGHTS ACT ("ELCRA") MCL § 37.2701(a)
*(against Defendants)*

66. NELSON incorporates all the above allegations by reference here.

67. At all times relevant hereto, Defendant SHELBY was an employer under The Michigan Elliot-Larsen Civil Rights Act (ELCRA), and Defendant SHELIDE was an agent of Defendant SHELBY and as such, was also an employer under the Act.

68. ELCRA prohibits employers from discriminating against employees on the basis of sex. MCL § 37.2022(1)(a).

69. ELCRA prohibits employers from retaliating against employees who opposes a violation and/or reports a violation of the Act. MCL § 37.2701(a).

70. NELSON engaged in protected activity during his interview with SHELBY human resources as part of its investigation into SHELIDE when he

advocated for female colleagues by reporting and expressing opposition to SHELIDE's sexist comments made during the Patrol Advisory Board and by reporting and expressing his opposition to SHELIDE engaging in sex discrimination/harassment in the workplace

71. Defendants were aware that NELSON engaged in this protected activity.

72. Defendants terminated NELSON because of his protected activity in violation of ELCRA.

**COUNT IV**
**RETALIATION FOR COMPLAINING OF RETALIATION FOR REPORTING AND OPPOSING SEX DISCRIMINATION AND HARASSMENT UNDER ELCRA MCL § 37.2701(a)**
*(against Defendants)*

73. NELSON incorporates all the above allegations by reference here.

74. At all times relevant hereto, Defendant SHELBY was an employer under The Michigan Elliot-Larsen Civil Rights Act (ELCRA), and Defendant SHELIDE was an agent of Defendant SHELBY and as such, was also an employer under the Act.

75. ELCRA prohibits an employer from retaliating against an employee who has made a complaint of retaliation for opposing any practice made unlawful by the Act. MCL § 37.2701(a)

76. NELSON engaged in protected activity when he made a formal

complaint to SHELBY attorney Urban and SHELBY Human Resources Director, Lisa Suida that SHELIDE was retaliating against him for his opposition to SHELIDE's acts of sex discrimination/harassment and for reporting these acts as part of SHELBY's investigation into SHELIDE.

77.    Defendants were aware that NELSON engaged in this protected activity.

78.    Defendants terminated NELSON because of his protected activity in violation of ELCRA.

## REQUEST FOR RELIEF

79. Accordingly, NELSON requests the following relief:

   a)  An Order of this Court reinstating NELSON to his former position or to a comparable position;

   b)  An Order of this Court awarding NELSON past and future economic and consequential damages to which he is found to be entitled;

   c)  An Order of this Court awarding NELSON past and future emotional damages to which he is found to be entitled;

   d)  An Order of this Court awarding NELSON punitive damages;

   e)  An Order of this Court awarding NELSON interest, costs, attorneys' fees, and litigation expenses in an amount he is found to be entitled to; and

f) An Order of this Court awarding NELSON such other equitable relief as this Court deems just and equitable.

Respectfully submitted,

PITT MCGEHEE PALMER
BONANNI & RIVERS

By: s/ Cary S. McGehee
Cary S. McGehee (P42318)
Juliet A. Happy (P88296)
Attorneys for Plaintiff
117 W. 4th Street, Ste. 200
Royal Oak, MI 48067
(248) 398-9800
cmcgehee@pittlawpc.com
jhappy@pittlawpc.com

Dated: April 22, 2026

15

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID NELSON,

     Plaintiff,

v.

SHELBY TOWNSHIP (POLICE
DEPARTMENT), and ROBERT J.
SHELIDE, in his individual and
official capacity,

     Defendants.

Case No.

Hon.
U.S. District Judge

Hon.
U.S. Magistrate Judge

PITT MCGEHEE PALMER
BONANNI & RIVERS
Cary S. McGehee (P42318)
Juliet A. Happy (P88296)
Attorneys for Plaintiff
117 W. 4th Street, Ste. 200
Royal Oak, MI 48067
(248) 398-9800
cmcgehee@pittlawpc.com
jhappy@pittlawpc.com

## DEMAND FOR JURY TRIAL

Plaintiff David Nelson demands a trial by jury of all issues within the causes of action.

Respectfully submitted,

PITT MCGEHEE PALMER
BONANNI & RIVERS

By: s/ Cary S. McGehee

Cary S. McGehee (P42318)
Juliet A. Happy (P88296)
Attorneys for Plaintiff
117 W. 4th Street, Ste. 200
Royal Oak, MI 48067
(248) 398-9800
cmcgehee@pittlawpc.com
jhappy@pittlawpc.com

Dated: April 22, 2026